**E-FILED**
Wednesday, 26 September, 2012  02:46:36 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JENNIFER LANGEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-cv-3369 |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>OPINION</u>

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Jennifer Langen's Motion to Quash Non-Party Subpoena (d/e 26) (Motion).  For the reasons set forth below, the Motion is denied.

## <u>BACKGROUND</u>

Langen brings a one-count complaint against her former employer Defendant Wells Fargo Bank, N.A., (Wells Fargo) for retaliation against her for exercising her rights under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.  Langen alleges that she worked for Wells Fargo from October 1, 1997, to March 27, 2011.  From 2001 until her termination, she worked as a Wholesale Executive–Internal Sales.  Complaint (d/e 1), ¶¶ 5-8.  Langen developed serious medical conditions including an epilepsy/seizure disorder.  Complaint ¶ 20.  Langen alleges that Wells

Fargo retaliated against her for taking FMLA leave due her medical conditions, in violation of 29 U.S.C. § 2615.  This retaliation culminated in terminating her employment.  <u>Complaint</u> ¶¶ 32-40.  Langen seeks back pay and front pay as part of her damages.  <u>Complaint</u>, <u>Prayer for Relief</u> ¶¶ (a) and (f).

Wells Fargo propounded interrogatories and requests to produce on Langen that included inquiries regarding her employment after her March 2011 termination at Wells Fargo.  <u>Defendant's Response to Plaintiff's Motion to Quash Non-Party Subpoena (d/e 30) (Response)</u>, at 3-5.  The discovery requests included a request that Langen execute written authorizations for her subsequent employers to release employment information to Wells Fargo.  Wells Fargo sought this information because of the damage claims for back pay and front pay.  Her subsequent employment would be relevant to the issue of mitigation of damages.  <u>See e.g.</u>, <u>Franzen v. Ellis Corp.</u>, 543 F.3d 420, 430 (7th Cir. 2008).

Langen responded to these requests on February 7, 2012.  She stated that she worked for Freedom Mortgage for approximately two weeks on a commission compensation structure.  She then accepted a position with her current employer Clearpoint Funding.  She provided her employment applications to Freedom Mortgage and Clearpoint Funding, her employment agreement with Clearpoint Funding, and tax returns from

2005-2010.  Langen further stated that she took three sick days at

Clearpoint Funding.  Langen Memorandum, Exhibit B, Plaintiff's Answer to

Defendant Wells Fargo Bank, N.A.'s First Set of Interrogatories to Plaintiff,

and Exhibit C, Plaintiff's Response to Defendant's Request for Production

of Documents.  She refused to sign the authorizations to release

employment information.  She subsequently provided her 2011 tax return.

On August 8, 2012, Defendant issued a subpoena to Clearpoint

Funding (Subpoena).  Memorandum of Law in Support of Plaintiff's Motion

to Quash Non-Party Subpoena (d/e 27) (Langen Memorandum), Exhibit F,

Subpoena.  The Subpoena directed Clearpoint Funding to produce:

> All employment records that reflect or relate to Jennifer
> Langen's employment; hiring; job description; job duties;
> performance evaluations; disciplinary actions; wages, salary,
> bonus or benefits; attendance and hours and dates worked,
> and days missed; and dates of employment with ClearPoint
> Funding, Inc.

Subpoena.

On August 16, 2012, Langen was deposed.  She testified that she

now worked from home due to her medical issues.  She testified that she

had surgery in March 2012.  She was off work for three days due to the

surgery and then worked from home from her bed.  She testified that she

also had been off work due to seizures.  Response, Exhibit I, Langen

Deposition Transcript Excerpt, at 263-66.  Langen states that she also

testified about her current job duties, compensation structure, wages, and salary.  Langen Memorandum, at 2.[1]  She had not produced any documents about her compensation in 2012 as of the time of the deposition.

On August 27, 2012, Langen supplemented her discovery production with a two-page document entitled, "Your Pay Statements History." Langen Memorandum, Exhibit D, Plaintiff's Second Supplemental Response to Defendant's Request for Production of Documents.  The document contains a list of pay dates from June 24, 2011, to August 16, 2012, with gross and net amounts for each date.  The face of the document does not identify either the employer or the employee.  Langen states that the document lists her 2012 salary and wage information.  Langen Memorandum, at 2-3.

## ANALYSIS

Langen asks this Court to quash the Subpoena because disclosure of the information sought would impose an undue burden on her.  Langen has standing to challenge the Subpoena because the information sought is a matter of personal concern.  Acevedo v. Ace Coffee Bar, Inc., 248 F.R.D. 550, 554 (N.D. Ill. 2008).  The scope of material that may be sought

---

[1]Langen did not submit a deposition transcript because she did not have a copy of the transcript at the time that she filed the Motion.  Langen Memorandum, at 2.

through a subpoena is as broad as the scope of discovery generally allowed in civil proceeding.  Thus, a subpoena may seek any non privileged relevant information.  Information is relevant for discovery purposes if the information sought appears reasonably calculated to lead to discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  The Court may quash a subpoena if the subpoena requires disclosure of privileged or otherwise protected matter, or subjects a person to an undue burden.  Fed. R. Civ. P. 45(c)(3)(iii) & (iv).  The party opposing discovery generally has the burden of proving that the requested discovery should be disallowed.  Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co. Inc., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

The information sought by the Subpoena is relevant.  Mitigation of damages is an issue in this case.  Thus, Wells Fargo is entitled to discover information of Langen's employment after her termination.  The details about the terms and conditions of employment with Clearpoint Funding are relevant to the question of whether Langen made reasonable efforts to find comparable employment.  Langen's complete compensation package, including benefits, is also relevant.  Langen's attendance may be relevant to the question of whether the amount earned is an appropriate measure of

mitigation.  Langen's disciplinary record may also be relevant to the question of whether the amount earned is an appropriate measure of mitigation.  See Hardwick v. Sunbelt Rentals, Inc., 2010 WL 3270053, at *4 (C.D. Ill. August 17, 2010); Hite v. Peters, 2009 WL 1748860, at *4 (D. New Jersey 2009); Walker v. Northwest Airlines Corp., 2002 WL 3259635, at *2 (D. Minn. October 28, 2002).

Langen argues that the request imposes an undue burden on her because the Subpoena is unnecessary.  She argues that she has already supplied the relevant information is discovery.  Wells Fargo, therefore, should not be allowed to interfere with her ongoing relationship with her current employer.  Wells Fargo argues that the information sought is not duplicative of the information provided to date.

The Court agrees with Wells Fargo.  The printout of gross and net pay does not disclose whether Langen is receiving any other benefits such as health insurance, retirement benefits, or flexible spending accounts.  If, for example, Langen made pretax contributions to a 401(k) plan or a flexible spending account, those contributions may or may not be included in the gross pay figures and would not be included in the net pay figures on the two-page printout.  The information provided to date also does not provide complete information about discipline, hours of employment, and days off due to sickness.  For example, Langen's

employment agreement with Clearpoint Funding states that Langen will work out of an office, but she testified at her deposition that she now works out of her home.  Thus, the employment agreement may not accurately reflect the current conditions of her employment.  Langen's answers to interrogatories state that she missed three days of work, but she subsequently missed additional days according to her deposition.  She did not provide the precise number of days or the dates of her absences. Given the lack of complete information, the Subpoena is not duplicative or unnecessary.

Langen relies on two employment discrimination cases in which a court quashed a defendant's subpoena to obtain employment records from a plaintiff's current employer.  Powell v. Regency Hosp. of Northwest Indiana, LLC, 2011 WL 1157528 (N.D. Ind. March 28, 2011); Woods v. Fresenius Medical Care Group of North America, 2008 WL 151836 (S.D. Ind. January 16, 2008).   The Woods and Powell courts found that the subpoenas at issue there were mere fishing expeditions because the defendants in those cases had no reason for seeking the information. Powell, 2011 WL 157528, at *3; Woods, 2008 WL 151836, at *1-2.  Here, the information sought in the Subpoena is not a fishing expedition, but is reasonably calculated to produce information relevant to the issue of mitigation of damages.

The defendant in <u>Powell</u> also did not try to secure the information in discovery from the plaintiff before issuing a subpoena.  The <u>Powell</u> Court stated that the defendant should seek the information from the plaintiff. The defendant could renew the attempt to secure relevant information from the current employer if the plaintiff failed to provide the relevant information in discovery.  <u>Powell</u>, 2011 WL 157528, at *4.  Here, Wells Fargo has first attempted to secure the information from Langen in discovery.

The Subpoena seeks relevant information under the broad standard of relevance in discovery and the information sought is not privileged. Langen fails to establish that the Subpoena imposes an undue burden on her.  Thus, the Court will not quash the Subpoena.  The information sought, however, is confidential.  The parties have agreed to the entry of the Stipulated Protective Order (d/e 12) to protect such confidential information from inappropriate disclosure.  The information produced pursuant to the Subpoena, therefore, will be subject to protections set forth in the Stipulated Protective Order for confidential information.

WHEREFORE Plaintiff's Motion to Quash Non-Party Subpoena (d/e 26) is DENIED.

ENTER:     September 26, 2012

<u>*s/ Byron G. Cudmore*</u>
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE